**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Austin Amos, M.D. | Case No. 2:25-cv-9621-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Trident Medical Center, LLC d/b/a Trident Medical Center | |
| Defendant. | |

This matter is before the Court upon the Report and Recommendation (R&R) of the Magistrate Judge (Dkt. No. 23), recommending that Defendant's motion to compel arbitration (Dkt. No. 8) be granted and that this matter be stayed pending completion of the arbitration proceeding. Plaintiff was advised that he had 14 days to file written objections to the R & R and a failure to timely file objections would result in limited clear error review and waiver of the right to file an appeal from the District Court order. (*Id.* at 4). Plaintiff filed no objections to the R & R.

## I.    Background

Plaintiff, previously a resident with Defendant, filed this action challenging his termination from the residency program on the basis of discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. Defendant moved to compel arbitration, asserting that Plaintiff had executed a binding agreement to arbitrate any employment-related dispute.

The matter was referred to the Magistrate Judge for pretrial processing. The Magistrate Judge issued a R & R on June 2, 2026, finding that the arbitration agreement was legally proper

1

and enforceable.  The Magistrate Judge rejected Plaintiff's argument that the arbitration agreement was unconscionable. (*Id*. at 5-7).

## II.     Legal Standard:  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

## III.     Discussion

The Magistrate Judge, in a thorough and thoughtful R & R, found that the parties' arbitration agreement did not meet the South Carolina standard for unconscionability and was otherwise a legally enforceable agreement.  The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that the parties' arbitration agreement was enforceable and that this matter should be stayed until the arbitration process is completed.

## IV.     Conclusion

For the foregoing reasons, the R&R (Dkt. No. 23) is **ADOPTED** as the Order of the Court and this action is stayed until the completion of the arbitration proceeding.  The parties should

promptly advise the Court when the arbitration process is completed and inform the Court whether

any additional relief is sought by either party.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel

Richard Mark Gergel
United States District Judge

June 17, 2026
Charleston, South Carolina